IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leonardo Paskell, | ) | C/A No.: 3:14-4182-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| SRA International, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Leonardo Paskell ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action alleging that his former employer, SRA International ("Defendant"), discriminated against him and wrongfully discharged him. [ECF No. 1]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff claims that Defendant discriminated against him on the basis of his race and age. [ECF No. 1 at 3]. Because Plaintiff failed to submit service documents for Defendant, the undersigned issued an order on December 30, 2014, providing Plaintiff an opportunity to bring this case into proper form for initial review by submitting the necessary service documents by January 23, 2015. [ECF No. 20]. The Clerk of Court mailed the order to Plaintiff on December 30, 2014, to the address Plaintiff had provided.

[ECF No. 21]. After Plaintiff failed to respond to the order, the undersigned issued a second order on January 28, 2015, providing Plaintiff another opportunity to submit the necessary service documents by February 23, 2015. [ECF No. 24]. The Clerk of Court mailed the order to Plaintiff on January 29, 2015. [ECF No. 25]. As of the date of this report, Plaintiff has failed to respond to either of the orders or provide the court with service documents. On February 3, 2015, the first proper form order was returned as undeliverable. [ECF No. 26].[1]

II.     Discussion

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

Based on Plaintiff's failure to respond to the court's orders dated December 30, 2014, and January 28, 2015, the undersigned concludes that Plaintiff does not intend to pursue the above-captioned matter. Additionally, Plaintiff has failed to keep the court apprised of a proper address, and as a result, the court has no means of contacting him concerning his case. Accordingly, the undersigned recommends that this case be

---

[1] The December 30, 2014, order allowing Plaintiff to proceed in forma pauperis was also returned as undeliverable on January 26, 2015. [ECF No. 22].

dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

March 3, 2015                                                        Shiva V. Hodges
Columbia, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).